IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 10 A 11:00

DISTRICT COURT
DISTRICT OF MASS.

KINGVISION PAY-PER-VIEW CORP., LTD.    05    10264    WGY

Plaintiff,

Civil Action No. _____

v.

MAGISTRATE JUDGE _____

RECEIPT # 61996
AMOUNT $ _____

ELYNOR WALCOTT and   WALLY'S CAFE, INC.
d/b/a WALLY'S CAFE

SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

Defendants,

**COMPLAINT**

Plaintiff, KINGVISION PAY-PER-VIEW CORP., LTD., by and through its

undersigned attorney, Gary D. Berkowitz, Esq., sues the Defendants ELYNOR WALCOTT

and WALLY'S CAFE, INC. d/b/a BREEZEWAYS

### Jurisdiction

1.    This action arises under Section 705 of the Communications Act of 1934, as

amended, 47 U.S.C. §§ 605 and 553.

2.    Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3.    Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose

in this district.    **Parties**

4.    The Plaintiff, **KINGVISION PAY-PER-VIEW CORP., LTD.. "KINGVISION

PAY-PER-VIEW CORP., LTD.."** is a corporation organized and existing under the laws of

the State of **Delaware**, with its principal office and place of business located in **Deerfield

Beach, Florida.**

5.    The Defendant, ELYNOR WALCOTT and WALLY'S CAFE, INC.   is a

Massachusetts corporation authorized to and transacting business as "WALLY'S CAFE"

from its principal place of business located at 428 Mass Avenue, Boston   MA 02116.

6.    Defendant, Elynor Walcott, is, upon information and belief, owner of WALLY'S CAFE.

## Preliminary Background

7.    **KINGVISION PAY-PER-VIEW CORP., LTD.** entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the March 1, 2003 Championship boxing match between Roy Jones, Jr. V. John Ruiz, from the Thomas & Mack Center, Las Vegas, Nevada, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Massachusetts (the "License Agreement"). **KINGVISION PAY-PER-VIEW CORP., LTD.** paid substantial fees for its license.

8.    **KINGVISION PAY-PER-VIEW CORP., LTD.** entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Massachusetts.

9.    The closed-circuit broadcast of the Event was not intended for the use of the general public. In Massachusetts, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by **KINGVISION PAY-PER-VIEW CORP., LTD.**.

10.    Pursuant to the License Agreement, **KINGVISION PAY-PER-VIEW CORP., LTD.** marketed and distributed the closed-circuit rights granted to it. **KINGVISION PAY-PER-VIEW CORP., LTD.**, through its agents, contracted with various establishments throughout Massachusetts and granted to such establishments the right to broadcast the

2

Event in exchange for a fee.

11.    The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12    The transmission of the Event was available to the Defendants to purchase for broadcast in WALLY'S CAFE. Had they done so, they would have been authorized to receive, transmit and publish the Event in WALLY'S CAFE. Defendants did not, however, contract with **KINGVISION PAY-PER-VIEW CORP., LTD.** or any of its agents, to obtain the rights to broadcast the Event.

13.    The establishments which contracted with **KINGVISION PAY-PER-VIEW CORP., LTD.** to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14    On March 1, 2003, in violation of **KINGVISION PAY-PER-VIEW CORP., LTD.**'s rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within WALLY'S CAFE.

15    The Defendants misappropriated **KINGVISION PAY-PER-VIEW CORP., LTD.**'s licensed exhibition of the Event and infringed upon **KINGVISION PAY-PER-VIEW CORP., LTD.**'s exclusive rights while avoiding proper payment to **KINGVISION PAY-PER-VIEW CORP., LTD.**. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

3

16.    The Defendants enabled the patrons within WALLY'S CAFE to view the Event to which neither the Defendants nor the patrons were entitled to do.

17.    The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by **KINGVISION PAY-PER-VIEW CORP., LTD.**.

18.    The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

### COUNT I

### VIOLATION OF 47 U.S.C. §553

19.    **KINGVISION PAY-PER-VIEW CORP., LTD.** hereby incorporates the allegations set forth in Paragraphs 1 through 18 above as if the same were fully set forth and realleged herein.

20.    Te Communications Act of 1934, as amended, 47 U.S.C. $553 (Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law. 47 U.S.C. §553(a)(1).

21.    The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 553.

22.    Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover damages as described further in § 553(c).

23.    **KINGVISION PAY-PER-VIEW CORP., LTD.** is a person aggrieved by

4

Defendants' violations of Section 553, and it is therefore authorized to institute this action against the Defendants to recover damages from the Defendants for their violations of Section 553 and their interference with **KINGVISION PAY-PER-VIEW CORP., LTD.**'s proprietary rights.

24.     As a result of the Defendants' wrongful acts, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to the statutory damages provided for in Section 553.

25.     Because of Defendants' wrongful actions, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to § 553(c)(2)(C).

WHEREFORE, the Plaintiff, **KINGVISION PAY-PER-VIEW CORP., LTD.**, requests that this Court enter judgment, jointly and severally, against Defendants Elynor Walcott and WALLY'S CAFE, for:

(a)     Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

(c)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)(C); and

(d)     Such other and further relief as the Court deems just and proper.

### COUNT II

## VIOLATION OF 47 U.S.C. § 605

26.     The Plaintiff hereby incorporates the allegations contained in Paragraphs

1 through 25 of the Complaint.

27.     The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section

605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio
> communication and divulge or publish the existence, contents, substance,
> purport, effect. or meaning of such intercepted communication to any person.
> No person not being entitled thereto shall receive or assist in receiving any
> interstate or foreign communication by radio and use such communication
> (or any information therein contained) for his own benefit or for benefit of
> another not entitled thereto.  No person having received any intercepted
> radio communication or having become acquainted with the contents,
> substance, purport, effect, or meaning of such communication (or any part
> thereof) knowing that such communication was intercepted, shall divulge or
> publish the existence, contents, substance, purport, effect, or meaning of
> such communication (or any part thereof) or use such communication (or any
> information therein contained) for his own benefit or for the benefit of another
> not entitled thereto.

28.     The Defendants' wrongful actions in connection with the Event, as described

above, were in violation of Section 605.

29.     Section 605(d)(6) provides that "any person with proprietary rights in the

intercepted communication . . ." may bring a private cause of action against one who acts

in violation of Section 605.

30.     By virtue of the License Agreement, **KINGVISION PAY-PER-VIEW CORP.,**

**LTD.** maintained proprietary rights in the intercepted communication of the Event.

Therefore, **KINGVISION PAY-PER-VIEW CORP., LTD.** is an aggrieved person and is

entitled to recover damages from the Defendants for their violations of Section 605 and

their interference with **KINGVISION PAY-PER-VIEW CORP., LTD.**'s proprietary rights.

31.     As a result of the Defendants' wrongful acts, **KINGVISION PAY-PER-VIEW**

6

**CORP., LTD.** is entitled to the statutory damages provided for in Section 605.

32.    Because of Defendants' wrongful actions, **KINGVISION PAY-PER-VIEW CORP., LTD.** is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, **KINGVISION PAY-PER-VIEW CORP., LTD.**, requests that this Court enter judgment, jointly and severally, against the Defendants Elynor Walcott and WALLY'S CAFE, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d) Such other and further relief as the Court deems just and proper.

Dated: February 8, 2005                BY: _____
                                       Gary D. Berkowitz, Esq. #632536
                                       One James Street
                                       Providence, RI 02903
                                       (401) 751-7671
                                       (401) 751-1146

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____ *FILED*
   _Klucvisici   ·   Wacys Cace_ *IN CLERKS OFFICE*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   *2005 FEB 10  A 11: 00*

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _L_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *U.S. DISTRICT COURT*
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       *DISTRICT OF MASS.*
                                                                                   *Also complete AO 120 or AO 121*
                                                                                   *for patent, trademark or copyright cases*

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____ _Nce_ _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                              YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                              YES          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                              YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                              YES          NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                              YES          NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ _Gary Birkenile_ _____
ADDRESS _____ _1 Jance St Pin Ri C 9613_ _____
TELEPHONE NO. _____ _401 751 1671_ _____

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KINGVISION PAY- PER- VIEW, LTD.

## DEFENDANTS

ELYNOR WALCOTT and
WALLY'S CAFE, INC.
d/b/a WALLY'S CAFE

IN CLERK'S OFFICE

2005 FEB 10 P 2:55

U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GARY D. BERKOWITZ, ESQ.
One James Street
Providence, RI  02903
tel:  (401) 751-7671

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

47 USC § 605 (FCC radio interception)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE /PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|

(nature of suit checkboxes) ☒ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)
☒ 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ 100,000   JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 2/11/05   SIGNATURE OF ATTORNEY OF RECORD _____